UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DURON WEAVER, ET AL., | Plaintiff |
| v. | Civil Action No. 3:24-cv-00103-RGJ |
| LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT, ET AL. | Defendants |

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Duron Weaver, Micah Gazaway, Dushon Weaver, and De'Arreon Williams (collectively, "Plaintiffs") bring this action against Defendants Louisville-Jefferson County Metro Government ("Metro"), Chief of Police Jacquelyn Gwinn-Villaroel ("Gwinn-Villaroel"), Detective Matthew Hayden ("Hayden"), Officer Christopher Priel ("Priel"), Officer Tyler Blissett ("Blissett"), and Sgt. Brian Evanoff, ("Evanoff") (collectively, "Defendants"). Defendants move to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(5) & 12(b)(6). [DE 36]. Plaintiffs responded, and Defendants replied. [DE 40; DE 42]. The motion is ripe. For the reasons below, the Court **GRANTS in part and DENIES in part** Defendants' Motion.

**BACKGROUND**[1]

Plaintiffs are four African American males. [DE 1-1 at 10]. They allege that LMPD officers unlawfully detained and searched them in a restaurant parking lot. [*Id.* at 13–19]. They assert that the incident is consistent with a broader "custom and practice of LMPD violating the rights of

---

[1] The Court accepts facts in the operative Complaint as true for the present Motion. When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted).

1

African-Americans." [*Id*. at 19]. And they claim that Louisville Metro and Gwinn-Villaroel "acted with deliberate indifference" regarding their constitutional rights. [*Id.* at 21–27]. They assert various claims under 42 U.S.C. § 1983 and Kentucky law. [*Id.* at 28–45].

Plaintiffs filed their original complaint in Jefferson Circuit Court. [*Id.* 1-1]. Just two days later, they filed an amended complaint in state court [DE 21-2], purporting to replace "Unknown . . . Officer 2" with "Detective Matthew Hayden" as a named defendant. [*Id.* at 149-50]. Both parties agree service was proper only on the *original* complaint. [DE 21 at 150; DE 25 at 496].

This Court previously ruled on a motion to dismiss the *original complaint*. [DE 10]. There, this Court dismissed all claims against Gwinn-Villaroel in her official capacity, but allowed all other claims, such as § 1983 *Monell* claims, to move forward. [*Id.* at 110]. Soon thereafter, the Plaintiffs filed a motion for Default Judgment based upon the *amended complaint*. [DE 21]. The Court denied the Plaintiffs' motion for default judgment, and ordered repleading of the amended complaint, as the amended complaint was never properly before this Court. [DE 27 at 509]. That is because the amended complaint "remained unfiled in this Court until Plaintiffs' motion for default."[DE 27 at 508]  The Court stated that "[i]t appears from the record that Plaintiffs did not choose to stand on the amended complaint until November 2024. . . *nine months* after Defendants removed the case to this Court." [*Id.*] (emphasis in original).The amended complaint seeks to replace the Defendants formerly known as "Unknown Defendant Caucasian Male LMPD Officer(s)" 1-4 with four newly named individuals. Those individuals are Priel, Blissett, and Evanoff, Hayden[2]. [DE 32].

---

[2] Hayden was also named in the amended state court complaint, where he was allegedly served on August 14, 2024. This occurred after this case was removed to federal court. On issuance of the notice of removal, the state court "instantly 'lost all jurisdiction over the case.'" [DE 27 at 507] (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1880), *quoted in Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 63 (2020)). When Plaintiffs had a chance to notify this Court of an amended complaint, they did not state "any error or mistake regarding the operative complaint." [DE 27 at 506].

2

Defendants move to dismiss the amended complaint based on three primary arguments. First, Defendants contend that Plaintiffs cannot substitute the Unknown Defendants for Defendants Blissett, Evanoff, Priel, and Hayden since there was no mistake to their identity and the statute of limitations has run on their cause of action. [*Id.*]. Second, Defendants contend that Plaintiffs insufficiently served each Defendant, including Metro and Gwinn-Villaroel. [*Id.* at 674-76]. And lastly, Defendants assert that Plaintiffs access to the court claim fails because it fails to state a claim for relief. [*Id.* 36 at 677]. Plaintiffs do not respond to the allegations that there was no mistake of identity; however, they do respond to Defendants' other two arguments.

## STANDARD OF REVIEW

A court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim

is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

A complaint that shows on its face that relief is barred by the statute of limitations is properly subject to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *City of Painesville, Ohio v. First Montauk Fin. Corp.*, 178 F.R.D. 180, 193 (N.D. Ohio 1998). A defense correctly relying on the statute of limitations signifies that the face of the complaint contains an insurmountable bar to relief, indicating that the plaintiff has no claim. *See Ashiegbu v. Purviance*, 76 F. Supp. 2d 824, 828 (S.D. Ohio 1998) (citing *Rauch v. Day & Night Mfg.*, 576 F.2d 697, 702 (6th Cir. 1978)).

Also, "[I]t is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Degolia v. Kenton Cnty.*, 381 F. Supp. 3d 740, 759–60 (E.D. Ky. 2019) (quoting *Rouse v. Caruso*, No. 6-cv-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011)) (internal quotation marks omitted); *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (recognizing that a party's lack of response to a motion or argument therein is grounds for the district court's grant of an unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Paulmann v. Hodgdon Powder Co., Inc.*, No. 3:13-CV-0021-CRS-DW, 2014 WL

4

4102354, *1-2 (W.D. Ky. Aug. 18, 2014) (holding that plaintiff's failure to respond or otherwise oppose defendant's motion to dismiss established that the plaintiff had waived opposition to the motion).

## DISCUSSION

### 1. Relating Back to the Original Complaint

#### a. Statute of Limitations

Defendants state that Plaintiffs claims are subject to a one-year statute of limitations, which expired on February 10, 2024. "For cases that arise from events in Kentucky, [for Section 1983 cases] '[i]t is well-settled that [they will be] governed by Kentucky's personal injury statute of limitations'" pursuant to KY. REV. STAT. ANN. 413.140(1)(a). *Patton v. Louisville Jefferson Cnty. Metro Gov't*, 2021 WL 741780, at *4 (W.D. Ky. Feb. 25, 2021) (quoting *Kennedy v. City of Villa Hills*, 2008 WL 650341, at *3 n.9 (E.D. Ky. Mar. 6, 2008)). Section 413.140(1)(a) prescribes a one-year statute of limitations. KY. REV. STAT. ANN. 413.140(1)(a). As a result, Plaintiffs' claims are subject to the one-year statute of limitations. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Ky. Bd. Of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)) ("[Section] 1983 actions in Kentucky are limited by the one-year statute of limitations found in § 413.140(1)(a)").

The alleged actions by the Defendants occurred on or about February 10, 2023. As stated above, Plaintiffs did not file their amended complaint in federal court until over a year later on February 21, 2025. [DE 32]. Therefore, the statute of limitations ran on or about February 10, 2024. Plaintiffs admit in their amended complaint that the one-year statute of limitations expired on February 10, 2024 [DE 32 at 652]. However, although not properly briefed before the Court, the amended appears to assert equitable tolling by alleging that the "Defendants obstructed Plaintiffs from learning the identities of the officers." [DE 32 at 652]. In a Section 1983 case, "just

5

as limitations are taken from state law, so are the rules regarding equitable tolling." *Kucharski v. Leveille,* 526 F. Supp. 2d 768, 771 (E.D. Mich. 2007) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). Federal courts accept the use of state tolling law in § 1983 cases. *See Garza v. Burnett*, 547 Fed. App'x 908, 909 (10th Cir. 2013) (certifying a question to the Utah Supreme Court to determine whether a claim could be equitably tolled under that state's law). As a result, this Court applies Kentucky equitable tolling law to this case.

"Kentucky courts only allow equitable tolling when (1) the litigant has put forward a diligent effort to meet the constraints of the statute of limitations, and (2) some extraordinary circumstance beyond the litigant's control prevents him from meeting the statute of limitations." *Patton,* 2021 WL 741780, at *6 (citing *Hill v. State Farm Ins. Co.,* 390 S.W.3d 153, 517 (Ky. App. 2012). Further, under Kentucky law, "a person who knows he has been injured has a duty to investigate and discover the identity of the tortfeasor within the statutory time constraints." *Combs v. Albert Kahn Assocs., Inc.,* 183 S.W.3d 190, 199 (Ky. App. 2006). Moreover, the doctrine is "used sparingly by federal courts." *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003).

Plaintiffs only argument is that the "Defendants obstructed Plaintiffs from learning the identities of the officers." [DE 32 at 652]. In *Patton*, the Court allowed for equitable tolling when the Plaintiff presented evidence of attempted pre-suit discovery and discussions with counsel from Jefferson County Attorneys' office. *Patton v. Louisville Jefferson Cnty. Metro Gov't,* slip op. at 4-5 (W.D. Ky. Aug. 19, 2021). There, the Court held because Patton, an incarcerated individual, "pursued the identities of the unknown officers" and the "Officer Defendants [did] not dispute his claims" that his grievances went unanswered, the Court held that equitable tolling was applicable. *Id.* at 8. Additionally, Defendants had failed to meet their initial disclosure requirements. *Id.*

6

Here, the Court finds the circumstances substantially different. Plaintiffs only evidence that the Defendants obstructed them from learning the identities of the officers, is the stated quote that the "Defendants obstructed." [DE 32 at 652]. The Plaintiffs have not demonstrated that they "put forward a diligent effort" nor have they show they have met their "duty to investigate and discover the identity of the tortfeasors." *Patton,* 2021 WL 741780, at *6; *Combs,* 183 S.W.3d at 199. Although the Court takes as true the factual assertions in the amended complaint, there must be more than "naked assertion[s] devoid of further factual enhancement." *Ashcroft,* 556 U.S. at 678. Without more, and because equitable tolling should only be used "sparingly," the Court denies any argument to equitably toll the statute of limitations. *Jurado,* 337 F.3d at 642.

      *b. Plaintiffs' amended complaint does not relate to back to the original complaint*

Defendants allege that the Plaintiffs "[c]annot substitute Blissett, Evanoff, Priel, and Hayden since there was no mistake." [DE 36 at 673]. Plaintiffs do not respond to this allegation and potentially concede this point. *Buckner v. JPMorgan Chase Bank, N.A.*, 2025 WL 1707302, at *3-4 (W.D. Ky. June 18, 2025).

"It is well settled law that a plaintiff waives her claim by failing to respond to or refute arguments made by the defendant in a motion to dismiss and 'the Court assumes he concedes this point and abandons the claim.'" *Buckner*, 2025 WL 1707302, at *3-4. Courts within the Sixth Circuit have routinely dismissed claims for failing to respond. *See, e.g., PNC Bank, Nat. Ass'n v. Goyette Mech. Co., Inc.*, 88 F.Supp. 3d 775, 785 (E.D. Mich. 2015); *see also, Degolia v. Kenton Cnty.,* 381 F.Supp. 3d 740, 759-60 (E.D. Ky. 2019). Therefore, although the Court may dismiss the claims against Defendants Blissett, Hayden, Priel, and Evanoff via waiver, the Court analyzes the merits below for completeness. *Kenuscewksi v. Mich Dep't of Health & Human Servs.*, 927 F.3d 396, n. 4 (6th Cir. 2019) (holding that, when possible, courts should rule on the merits).

Plaintiffs did not file their amended complaint in federal court until February 21, 2025. [DE 32]. This occurred 741 days after the date of the incident. [*See* DE 36 at 673]. "Thus, the amended complaint . . . is clearly time-barred unless it relates back to the original complaint under Rule 15(c)." *Black-Hosang v. Ohio Dept. of Pub. Safety*, 96 F. App'x 372, 374 (6th Cir. 2004). Rule 15(c)(1) states:

> ***When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. Pro. 15(c)(1).

Defendants cite *Bradford v. Bracken Cnty.* which holds:

> Plaintiffs Amended Complaint does not relate back to their original Complaint because the Sixth Circuit has held that "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.1996). Because "such amendments do not satisfy the 'mistaken identity' requirement" of Rule 15(c)(1)(C), the court held that the amended complaint naming specific police officers did not relate back to the original complaint, which listed "unnamed police officers" of the City of Louisville and Kentucky State Police.

767 F.Supp. 2d 74, 744 (E.D. Ky. 2011). This Court has stated that "Rule 15(c) provides no protection for one who fails to discover the identity of later-named defendants during the

8

limitations period." *Kelter v. WASP, Inc.*, 5 F.Supp. 3d 856, 864 (W.D. Ky. 2014); *Gordon v. Jones*, 2011 WL 590316, at *2 (W.D. Ky. Feb. 10, 2011) (same). According to the Sixth Circuit, failing to follow this rule, is "fatal" to one's argument. *Moore v. Tenn.,* 267 F. App'x 450, 455 (6th Cir. 2008).

The only successful way for an amended complaint to relate back to an original complaint, is the added party must replace a *misnamed* or *misidentified* party named in the original complaint. *See Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012).[3] The requirement that an amended complaint replace a misnamed party, as opposed to substituting a named party for a John Doe, is a "bright-line rule," even in "cases where a justification for the delay exists." *Brown v. Cuyahoga Cnty.*, 517 F. App'x 431, 435 (6th Cir. 2013).

Here, it is unclear if Plaintiffs mistakenly identify any defendants in the original complaint, because Plaintiffs do not respond to this argument. Ky. R. Civ. P. 10.01 requires that "[i]n the complaint the style of the action shall include the names of all the parties." *See also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties. . . ."). Put differently, under Ky. R. Civ. P. 10.01 and Fed. R. Civ. P. 10(a), an individual is not a party to a suit unless included in the case's caption, even if that individual is identified in the body of the complaint. *See, e.g.*, *Franklin v. Michigan*, No. 4:16-CV-12699, 2017 WL 2262500, at *3 (E.D. Mich. Apr. 4, 2017), *report and recommendation adopted*, No. 16-12699, 2017 WL 2242511 (E.D. Mich. May 23, 2017); *Com. v. Maynard*, 294 S.W.3d 43, 49 (Ky. Ct. App. 2009). Plaintiffs' inclusion of "Unknown Defendant Caucasian Male LMPD Officer 1" in the caption was a placeholder, much like "John Doe," not a misidentified individual. Thus, Rule 15 is not implicated. *See Brown*, 517 F. App'x at 435 ("This

---

[3] This conforms to other Circuits' interpretations of "mistake." *See, e.g.*, *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 366 (4th Cir. 2006); *Barrow v. Wethersfield Police Dep't.*, 66 F.3d 466, 469 (2d Cir. 1995), *modified* by 74 F.3d 1366 (2d Cir. 1996); *Wilson v. U.S. Government*, 23 F.3d 559, 563 (1st Cir. 1994) (citing *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)).

understanding of Rule 15 forestalls eleventh-hour lawsuits with placeholder defendants designed to frustrate the operation of a statute of limitations." (citing *Cox*, 75 F.3d at 240)). As a result, the amended complaint does not relate back to the original complaint and all claims against Defendants Blissett, Evanoff, Priel, and Hayden are dismissed with prejudice. *Brown*, 517 F. App'x at 435; *Patton*, 2021 WL 741780, at *5-6 (following *Cox* and related Sixth Circuit case law in holding an amended complaint "naming specific police officers did not relate back to the original complaint.")

### 2. Service

Next, Defendants contend that because service was improper to both Gwinn-Villaroel and Metro and therefore, "each claim asserted against Gwinn-Villaroel and [Metro] must be dismissed." [DE 36 at 676].

#### a. *Gwinn-Villaroel*

Defendants state that "the certified mail receipt produced by Plaintiffs shows that service for the amended complaint on Gwinn-Villaroel was signed with an illegible signature and provided no recipient address." [*Id.*]. Because of that, "there is no way to know who may have signed." [*Id.*]. This service is compared with the original complaint which was "clearly signed by Lisa Jarrett. . . [who] is authorized to accept service on behalf of the Chief of LMPD." [DE 25 at 497]. Additionally, "the address provided on the summons to Gwinn-Villaroel was the former LMPD headquarters which was demolished." [*Id.*]. In response, Plaintiffs state the "address used for the Amended Complaint. . . was the exact same address used to serve Gwinn-Villaroel with the original Complaint." [DE 40 at 684]. Plaintiffs do not respond to the discrepancy regarding *who* signed. According to Ky. R. Civ. P. 4.01(1)(a), "signatures by such authorized representative shall constitute service on the officer." The signatory must be intended recipient, otherwise, the goal of

10

service "remain[s] unaccomplished." *Douglas v. Univ. of Ky. Hosp.*, 2008 WL 2152209, at *1 (Ky. Ct. App. May 23, 2008).

The Court briefly discussed this issue in its previous order. [DE 27]. The Court acknowledged that "there is no way to know who may have signed for the amended complaint and whether they were authorized to do so." [*Id.* at 507]. Still, Plaintiffs do not respond to this specific allegation.

The Court cannot identify who signed for the amended complaint. [*Compare* DE 25-1 at 502 (clear indication of Lisa Jarrett) *with* DE 21-7 at 364 (illegible)]. It is unascertainable if the amended complaint was signed by the intended recipient. And Plaintiffs do not put forward any affirmative evidence to demonstrate service on the intended recipient. Therefore, the goal of service "remain[s] unaccomplished." *Douglas*, 2008 WL 2152209, at *1.

Proof of service for both the original complaint and amended complaint were sent to the same address. [DE 25-1 at 502; DE 21-7 at 364]. It was sent to the old Metro headquarters at 633 W. Jefferson Street, Louisville, Kentucky, prior to its demolition in 2023. This building no longer exists.[4] But Plaintiffs contend that Defendants are "being allowed to use" the address when it is beneficial, but not when it harms them. [DE 40 at 685]. However, that is not the dispositive issue. Based upon the evidence provided, the Court is unable to identify that the signatory in the amended complaint *was the intended recipient*. The two signatures are not close to the same. Therefore, service "remain[s] unaccomplished." *Douglas*, 2008 WL 2152209, at *1. Defendants are *not* "being allowed to use" the claimed address when it is beneficial, and not allowed to use the address when it does not benefit them, as Plaintiffs claim. [DE 40 at 685]. Instead, the Court finds that

---

[4] WDRB, *Crews Start Demolition of LMPD Headquarters in Downtown Louisville* (Aug. 15, 2023) https://www.wdrb.com/news/construction-crews-continue-demolition-of-former-lmpd-headquarters-in-downtown-louisville/article_85835a32-3b99-11ee-b428-e37001229c72.html (last visited Dec. 3, 2025).

11

there has not been a "signature by such authorized representative" as it relates to Gwinn-Villaroel pursuant to the amended complaint as required by law. Ky. R. Civ. P. 4.01(1)(a).

In *Tenn. Valley Auth. v. Cunningham*, the Defendants challenged an unknown signature to a receipt of service. 2022 WL 760914, at *2 (W.D. Ky. Mar. 11, 2022). There, this Court held that it is the "[Plaintiff's] burden here to show that proper service was made despite the fact that the [Defendants] did not sign the certified mail letter." *Id.* at 3. Like in *Tenn. Valley*, here, the Plaintiffs failed to put forward any affirmative evidence. *Id.* Therefore, the Court orders dismissal of all claims against Gwinn-Villaroel. *Bartley v. Jenny Stuart Med. Ctr.*, 2020 WL 854190, at *3 (W.D. Ky. Feb. 20, 2020) (holding that it is "Plaintiff's burden to show that proper service was made"); *Treat v. Shedlofsky*, 2012 WL 122561, at *5 (W.D. Ky. Jan. 17, 2012) (holding that although Plaintiff attempted to "comply with [Ky. R. Civ. P.] 4.01 in good faith, the rule did not provide such an exception" and thus dismissal is appropriate.)

To determine if dismissal is with or without prejudice, the Court analyzes Fed. R. Civ. P. 4(m). "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The plain language of the rule states that the dismissal would be "without prejudice." *Id.* However, the Sixth Circuit has held that district courts can "dismiss the claim with prejudice where the applicable statute of limitations would bar the party from re-filing the claim." *Bennet v. Radcliff Police Dep't.*, 2013 WL 4456677, at *4 (W.D. Ky. Aug. 16, 2013) (citing to *Petty v. Cnty of Franklin, Ohio*, 478 F.3d 341, 346 n.3 (6th Cir. 2007); *see also, Raniero v. UPS Ground Freight*, 2017 WL 5075245, at *2 (E.D. Ky. Nov. 3, 2017) (holding that dismissal pursuant to Fed. R. Civ. P. 4(m) "will be in effect, with prejudice since Plaintiff will be precluded from filing a new action against

12

Defendant.") Here, the statute of limitations has expired and as stated, has not been equitably tolled. Therefore, Defendants motion to dismiss all claims against Gwinn-Villaroel is granted with prejudice.

      *b. Metro*

Next, Defendants allege that the mail receipt for service to Metro was "signed by Brad Harrison with the delivery address section reflecting 'Mayor, Norton, WaterCo.'" [DE 36 at 673]. It is "unknown who Brad Harrison is as he is not anyone authorized to accept service on behalf of [Metro]." [*Id.*]. Therefore, according to the Defendants, Plaintiffs fail to meet their burden under Ky. R. Civ. P. 4.04(7). [*Id.*]. Plaintiffs respond by stating that the Defendants argument "could not be further from the truth." [DE 50 at 685]. Plaintiffs state that in other cases, such as *Savone Horsley v. Officer Kenny Allen, et al.*, Case No. 3:24-cv-562 (W.D. Ky. Sep. 30, 2024), Brad Harrison has accepted service on behalf of Metro. [DE 40 at 685]. And separately, in the delivery address of the original service, which *was accepted* by Defendants, it had no relation to the mayors' office but instead stated "Caller service." [*Id.*].

Service against Metro is governed by Ky. R. Civ. P. 4.04(7). Service "shall be made upon a city by serving the chief executive officer thereof or an official attorney thereof." *Carter v. Louisville Metro. Police Dep't.*, 2023 WL 5986137, at *2 (W.D. Ky. Sep. 14, 2023) (citing to Ky. R. Civ. P. 4.04(7)). Plaintiffs have the burden to prove they effectuated service. *Bartley*, 2020 WL 854190, at *3. The mayor does not have to be personally served, but instead, service may be performed upon an individual who is authorized to accept service on behalf of the mayor. *Carter*, 2023 WL 5986137, at *2. In *Carter*, this Court held that service against Metro was improper because the plaintiffs had not demonstrated any evidence that the individual who signed on behalf of the Mayor, Bill Dutchman, was authorized to accept service. *Id.* at 3. Here, the facts are

13

different. In response to the allegation that Brad Harrison is not authorized to accept service on behalf of Metro, Plaintiffs provide affirmative evidence that Brad Harrison *has* accepted service on behalf of Metro , as recently as last September. [DE 40 at 685]. Notably, Defendants do not respond to this allegation in their reply but simply restate that that the "Amended Complaint was not served on the Mayor. . . as required by KRCP 4.04(7)." [DE 42 at 691].

The fact that the delivery address also states, "Mayor" reinforces the notion that Brad Harrison is likely authorized to accept service on behalf of the Mayor. Therefore, the service effectuated against Metro is proper. *Hollon v. HCA Healthcare, Inc.*, 2024 WL 2958945, at *2 (E.D. Ky. June 12, 2024) (stating in plaintiffs response to the motion to dismiss pursuant to Ky. R. Civ. P. 4.04(7), plaintiffs provided proof of service, and the court deemed service proper). Defendants motion to dismiss for improper service against Metro is denied.

### 3.     Access to the Courts

Lastly, Defendants move to dismiss Plaintiffs "Access to the Courts" claim because it fails to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). [DE 36 at 677]. In response, Plaintiffs state that Defendants deprived "the right of access to the Courts by obstructing the investigation of the stop of the Plaintiffs. . . by encouraging, implicitly authorizing, approving and knowing acquiescing in the misconduct of LMPD officers." [DE 32 at 652]. And that the "LMPD OFFICERS intentionally failed and/or refused to identify themselves to the Plaintiffs, and as a result, has intentionally barred the Plaintiffs the ability to seek justice for their claims as stated herein." [*Id.* at 653]. Defendants state that "even if every allegation in the Amended Complaint were taken as true, Plaintiffs have not sufficient shown that they endured any actual injury or that their lawsuit was prejudiced from the obstructive actions." [DE 36 at 677].

There are two types of "Access to the Courts" claims. *Flagg v. City of Detroit*, 715 F.3d 165, 173 (6th Cir. 2013) (stating that "Denial of access to the courts claims may be 'forward-looking' or 'backward-looking'"). Here, Plaintiffs assert a backward-looking claim. *Id.* (holding that in backward looking claims, the government entity is accused of barring "the courthouse door by concealing or destroying evidence so that the plaintiff is unable to ever obtain an adequate remedy.") To assert a *prima facie* case of backward looking access to the courts, a plaintiff must demonstrate: "(1) a non-frivolous underlying claim; (2) obstructive actions by state actors; (3) the substantial prejudice to the underlying claim that cannot be remedied by the state court; and (4) a request for relief which the plaintiff would have sought on the underlying claim and is now otherwise unattainable." *Id.* at 174 (citations omitted). To demonstrate prejudice, a plaintiff may show that the defendant's actions "prevented plaintiff 'from filing suit in state court or rendered ineffective any state court remedy.'" *Jackson v. City of Cleveland*, 64 F.4th 736, 747 (6th Cir. 2023) (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977)).

Additionally, plaintiffs must make out the denial-of-access elements against "each defendant in conformance with the requirements" of Section 1983. *Id.* Therefore, when suing an individual "a plaintiff must demonstrate that the actor 'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it himself." *Id.* (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). When suing a municipality, a "plaintiff must prove that the deprivation occurred pursuant to a municipal 'policy or custom.'" *Id.* (quoting *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1117 (6th Cir. 1994)). A single decision can constitute a municipal policy. *Karsner v. Hardin Cnty.*, 2021 WL 886233, at *15 (W.D. Ky. Mar. 9, 2021). Here, Defendants *only argue* that Plaintiffs cannot prove an access to the court claim because Plaintiffs allegedly cannot prove that

they "endured any actual injury or that their lawsuit was prejudiced from obstructive actions" and therefore, the claim must fail. [DE 35 at 677].

In *Swekel v. City of River Rouge*, 119 F.3d 1259 (6th Cir. 1997), Dolores Swekel claimed that the local police denied her access to the courts by covering up the identity of one of the two drivers who hit and killed her husband. *Id.* at 1260. However, the Sixth Circuit rejected this argument. *Id.* at 1264. "[Swekel] []could have filed suit against [the other police officer] and sought discovery" to find out the name of the other individual. *Harrison v. Woolridge*, 2019 WL 2453665, at *5 (W.D. Ky. June 12, 2019). Since then, however, this Court has taken a narrower view of *Swekel*. In *Harrison* this Court stated that *Swekel* "*would not* extend to cover a situation where the plaintiff had no suspicion as to the identity of a wrongdoer." *Id.* And because, "it was the LMPD's obstruction and wholesale failure to investigate that prevented [Harrison] from having any idea whatsoever regarding the identity" of the unknown individual, the claim was allowed to move forward, at least at the motion to dismiss stage.

Here, the facts alleged are similar to *Harrison*. Plaintiffs assert that "Defendants impeded, hindered, obstructed, and otherwise defeated due course of justice." [DE 32 at 652]. Defendants did so by "obstruct[ing] the investigation of the stop of Plaintiffs. . . by encouraging, implicitly authorizing approving, and knowing acquiescing in the misconduct of LMPD officers." [*Id.*]. Therefore, Defendants, "via its custom. . . denied the Plaintiffs the sufficient facts to properly prosecution their state personal injury claims" and thus the Plaintiffs "suffered substantial prejudice" from the alleged obstruction. [*Id.* at 653]. In line with *Harrison*, "[i]f Defendants did indeed conspire in the manner alleged by [Plaintiff] one could draw a plausible inference that the conspiracy and refusal to investigate created an obstruction that prevented Plaintiff from finding redress." *Harrison*, 2019 WL 2453665, at *5. Therefore, taking the facts as true at this stage,

16

Plaintiffs plead a *plausible* cause of action against the Defendants. *Iqbal*, 556 U.S. at 678 (holding that a claim is plausible when the "plaintiffs pleads factual content that allows the court to draw the *reasonable inference* that the defendant is liable.") (emphasis added).

In reply, Defendants contend that Plaintiffs "cannot resort to conclusory allegations or legal conclusions masqueraded as factual allegations," [DE 42 at 692]. This is true. *Iqbal*, 556 U.S. at 678. But "courts must consider the complaint in its entirety." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Reviewing the *entirety* of the amended complaint, the Court finds that the facts as alleged are sufficient to plead a plausible claim for access to the courts.

Therefore, Defendants motion to dismiss Plaintiffs access to the court claim is denied.

## CONCLUSION

For the reasons set forth above, and being otherwise sufficiently advised, **THE COURT HEREBY ORDERS** that Defendants' Motion to Dismiss [DE 36] is **GRANTED IN PART AND DENIED IN PART**. It is **ORDERED** that:

1. Defendants' motion to dismiss Defendants Priel, Blissett, Hayden, and Evanoff is **GRANTED WITH PREJUDICE;**

2. Defendants' motion to dismiss Defendant Gwinn-Villaroel is **GRANTED WITH PREJUDICE;**

3. Defendants' motion to dismiss Defendant Metro is **DENIED;**

4. Defendants' motion to dismiss Plaintiffs' cause of action for Access to the Courts is **DENIED.**

December 4, 2025

Rebecca Grady Jennings, District Judge
United States District Court

17