UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00103-RGJ

**DURON WEAVER, et al.**                                                                                   **PLAINTIFFS**

**VS.**

**LOUISVILLE-JEFFERSON COUNTY**
**METRO GOVERNMENT**                                                                                    **DEFENDANT**

## ORDER

At the request of the Parties, a telephonic conference was conducted in this action on January 8, 2026, at 9:30 AM, with Shaun A. Wimberly, Sr. appearing on behalf of the Plaintiffs and Andrew S. Miller appearing on behalf of the Defendant. The Court electronically recorded the conference. The conference was held to discuss a dispute regarding the scheduling of a Rule 30(b)(6) deposition of Defendant Louisville-Jefferson County Metro Government.

I.     Background

Plaintiffs Duron Weaver, Micah Gazaway, Dushon Weaver, and De'Arreon Williams ("Plaintiffs") filed this 42 U.S.C. § 1983 civil rights action against Louisville-Jefferson County Metro Government ("Metro") and several individual law enforcement officers in February 2024.[1] (DN 1). Their claims relate to law enforcement's investigatory stop of Duron Weaver's vehicle on February 10, 2023.[2] (DN 1-1).

The Court entered a Scheduling Order on August 26, 2024, setting a fact-discovery deadline of September 2, 2025. (DN 18). In a Joint Status Report filed on March 28, 2025, the

---

[1] The individual law enforcement officers were dismissed from the action on December 4, 2025. (DN 52).
[2] Plaintiffs assert claims under 42 U.S.C. § 1983 that the investigatory stop was unlawful; that officers used unreasonable force; that officers used selective enforcement; and municipal liability and failure to train under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). (DN 1-1). Plaintiffs also assert claims of false imprisonment, assault, excessive force, intentional infliction of emotional distress, negligent supervision, training, and/or retention, and ordinary/gross negligence under Kentucky law. (*Id.*).

Parties indicated that Plaintiffs had filed a Motion to Amend and that Defendants were currently briefing motions to dismiss and "will await the Court's ruling." (DN 38). Concerned that the Parties were not proceeding in discovery due to the pending motions, the Court scheduled a telephonic status conference for April 15, 2025. (DN 41). The Court advised the Parties that they should continue with discovery while the motions were being briefed and resolved.

In August 2025, during a telephonic status conference with the Court, the Parties requested an extension of the discovery deadline. (DN 47). The Court extended the fact-discovery deadline to December 15, 2025 but advised that "requests for amendment of the scheduling order, even jointly submitted requests, are disfavored and will only be granted upon a showing of good cause beyond the control of counsel in the exercise of due diligence." (*Id.*).

In a Joint Status Report filed on November 25, 2025, the Parties outlined the written discovery that had been accomplished, stated they were scheduling depositions, and proposed an extension of the fact-discovery deadline by sixty days. (DN 50). On December 2, 2025, the Court extended the fact-discovery deadline to January 12, 2026 and the dispositive/*Daubert* deadline to February 9, 2026. (DN 51). In doing so, the Court explained:

> Here, the Parties have informally asked for a sixty-day extension of the discovery deadline but have largely failed to demonstrate good cause for such an extension. While the Parties report that they have worked to complete voluminous written discovery and are scheduling depositions, it is unclear why the depositions were not scheduled earlier or whether such delays are attributable to forces outside of counsel's control. However, in light of the discovery deadline rapidly approaching and Defendants' pending motion to dismiss, the Court will briefly extend the discovery deadline.
>
> If the Parties cannot complete discovery within this timeframe, they shall file a motion for extension that complies with the above-stated requirements. The Court warns the Parties, however, that the trial date in this case is firm and only exceptional circumstances beyond the control of counsel in the exercise of due diligence will warrant additional extensions.

(*Id*).

Fifteen days later, Plaintiffs' counsel emailed Defense counsel with a list of topics for a Rule 30(b)(6) deposition of Louisville Metro and providing the dates of January 5, January 7, January 8, and January 9 as options for the deposition. (Exhibit 3, Wimberly e-mail, Dec. 17, 2025). Plaintiffs proposed 23 topics, at least eight of which had multiple subparts. (Exhibit 4, "Specifications for the Deposition of Defendant Louisville/Jefferson County Metro Government"). On December 26, 2025, Defense counsel responded that he was "on vacation and out of the office this week and next" but that based on an initial review of the proposed topics, Metro would be objecting to their breadth and reasonableness, "especially considering the tight turn around over the holiday break." (Exhibit 5, Miller e-mail, Dec. 26, 2025). Defense counsel further stated: "I am happy to set up a meet and confer session so we can discuss our options as required by the rule, but I won't be available until I get back from vacation on Monday 1/5." (*Id.*).

Five days later, while Defense counsel was still on vacation, Plaintiffs' counsel substantively responded to Metro's objections, asking Metro to withdraw its objections and confirm a date for the deposition. (Exhibit 6, Wimberly e-mail, Dec. 31, 2025). Plaintiffs' counsel stated that if they were "unable to reach resolution by the end of the business day on Friday, January 2, 2026, [he would] have no choice but to seek court intervention." (*Id.*). Defense counsel did not respond by January 2, 2026 because he was on vacation, as he had informed Plaintiffs' counsel in his December 26, 2025 email. That did not deter Plaintiffs' counsel. In a January 3, 2026 e-mail, Plaintiffs' counsel indicated that Defense counsel's lack of response "compelled" him to serve a notice for deposition to be taken on Metro on Wednesday, January 7, 2026. (Exhibit 7, Wimberly's email, Jan. 3, 2026).

Plaintiffs' counsel contacted the Court on January 5, 2026 to schedule a telephonic conference regarding this dispute. At the Court's direction, the Parties provided brief pre-conference memos, which the Court now incorporates as part of the record.

II. <u>Arguments</u>

    a. *Pre-conference Memos*

Defendant requests a protective order to prevent Plaintiffs' Rule 30(b)(6) deposition of Metro based on Plaintiffs' delay in requesting such deposition and the requested topics being overly broad, unreasonable, and unduly burdensome, which "mak[es] it impossible for Metro to select and prepare representatives to give testimony." (Exhibit 2, Defendant's Memo, at p. 3). It was unreasonable, Defendant argues, for Plaintiffs to demand compliance from Metro while Defense counsel was out of office. (*Id.* at pp. 3-4). Defendant emphasizes that Plaintiffs had roughly sixteen months since the commencement of discovery to request the deposition but waited until the eve of the twice-extended discovery deadline to do so. (*Id.*).

Plaintiffs' counsel maintains that in sending proposed deposition dates and topics on December 17, 2025, he was attempting to comply with the January 12, 2026 discovery deadline. (Exhibit 1, Plaintiffs' Memo at p. 1-2). Plaintiffs characterize Defense counsel's December 26, 2025 email as a "refusal to confer on the topics until his return from vacation on Monday, January 5, 2026, a week before the discovery deadline." (*Id.* at p. 2). Defendant's "meritless, boilerplate objections," according to Plaintiffs, do not satisfy the burden for resisting a properly noticed deposition. (*Id.*). Plaintiffs further believe that Defense counsel's "excuse regarding the holiday schedule and personnel availability" do not constitute "exceptional circumstances" for delaying discovery. (*Id.*).

Plaintiffs' counsel concluded his pre-conference memo by asserting that Defense counsel's conduct was "not an isolated incident." (*Id.* at pp. 2-3). Referencing another case pending in this District, *Trabue v. Louisville-Jefferson County Metro Government, et al.*, Case No. 3:24-cv-00277-RGJ-CHL, Plaintiffs argue that Defendant raised nearly identical objections to a Rule 30(b)(6) notice and that Magistrate Judge Lindsay denied Defendant's motion because Defendant had not first sought a conference with the Court. (*Id.*). Plaintiffs allege "[t]his pattern of conduct demonstrates a strategy of obstruction and delay that should not be countenanced." (*Id.* at p. 3).

    b. Telephonic Conference

The Parties presented additional argument during the January 8, 2026 telephonic conference. Plaintiffs reiterated their position that the Rule 30(b)(6) notice was timely provided three weeks before the discovery deadline, that Defendant has asserted inappropriate boilerplate objections, and again referenced the *Trabue* case.

Defense counsel took umbrage with Plaintiffs' counsel's characterization that he refused to confer regarding the deposition. He explains he responded to Plaintiffs' counsel's email while on vacation as a professional courtesy and indicated his willingness to confer once he returned. Also of concern to Defense counsel was Plaintiffs' counsel's allegation of a pattern of delay and obstruction within Metro's office.

When the Court pointed out that the discovery deadline in this case has been twice extended, Plaintiffs' counsel argued that such extensions were jointly requested by the Parties. Plaintiffs' counsel also indicated his belief that he had complied with the meet-and-confer requirements in his emails on December 17, 2025 and December 31, 2025.

5

III.      Analysis and Ruling

During the conference, the Court expressed great concern with the timing of Plaintiffs' request for a Rule 30(b)(6) deposition of Metro. Discovery in this case has been ongoing since August 2024. The Court communicated to the Parties during a call in April 2025 that motion practice does not toll the discovery process. The Court twice extended the discovery deadline, forcefully warning the Parties that extensions would only be granted in exceptional circumstances and that the trial date in the case was firm. These extensions were granted under the expectation that they would be used wisely.

Despite the Court's discussions and warnings, Plaintiffs waited until sixteen months into the discovery period to request a Rule 30(b)(6) deposition of Metro. This was fifteen days after the Court's most recent extension of the discovery deadline and, as Defendant points out, roughly 13 working days before the discovery deadline. Neither in Plaintiffs' pre-conference memorandum, nor during the telephonic conference, did Plaintiff's counsel offer any explanation as to why he waited until December 17, 2025 to first request a Rule 30(b)(6) deposition of Metro.

Also concerning to the Court are the representations Plaintiffs' counsel made in his pre-conference submission to the Court and opposing counsel, which have now been made part of the record. Classifying Defense counsel's behavior as a "refusal to confer" is disingenuous. Defense counsel's December 26, 2025 email was courteous and reflected a willingness to confer on the deposition as soon as he was back from vacation. That Defense counsel was not returning until January 5, 2026, a week before the discovery deadline, does not change the outcome. Once more, Plaintiffs had over sixteen months in discovery to discuss and request a Rule 30(b)(6) deposition and waited until the eleventh hour to do so.

Plaintiffs' counsel's reliance on *Trabue* and allegation that Defense counsel's conduct "demonstrates a strategy of delay and obstruction" is not only unsupported but is also inflammatory. The Court will not delve into the substantive issues in *Trabue*. However, because Plaintiffs referenced *Trabue* in both their pre-conference memo and during the telephonic conference, the Court finds it necessary to clarify several points. First, Judge Lindsay's denial without prejudice of Metro's motion for protective order for failing to first seek a conference with the Court in that case does not demonstrate delay or obstruction on Metro's part. *See* DN 42, *Trabue v. Louisville-Jefferson County Metro* Government, *et al.*, No. 3:24-cv-00277-RGJ-CHlL (Dec. 22, 2025). What's more, Judge Lindsay scheduled a telephonic conference for January 5, 2026, intending to discuss the discovery dispute underlying Metro's recent motion for protective order, but Plaintiff's counsel failed to appear. *See id.* at DN 43 (Jan. 7, 2026). As a result of Plaintiffs' counsel's failure to appear, Judge Lindsay rebuked Plaintiffs' counsel for "wasting the time of both the Court and opposing counsel" and directed that Plaintiffs' Rule 30(b)(6) deposition of Metro could only proceed on the three topics to which Metro did not object. (*Id.*). The recent record in *Trabue*, accordingly, runs counter to Plaintiffs' counsel's allegations regarding Metro's behavior.

Lastly, upon review of the deposition topics propounded by Plaintiffs, the Court agrees with Metro that the 23 topics, many with extensive subparts, are overly broad and not proportional to the needs in this case. Requiring Metro to designate and prepare a witness or witnesses to testify as to this vast amount of broad information in the short time remaining in the discovery period would constitute an undue burden.

Under Federal Rule of Civil Procedure 26(c)(1), courts may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden

or expense[.]" Fed. R. Civ. P. 26(c)(1). In ordering such protection, courts may "forbid[] . . . discovery" or may "prescribe[] a discovery method other than the one selected by the party seeking discovery[.]" *Id.* at (c)(1)(A), (C).

Plaintiffs had ample opportunity to discuss and notice a Rule 30(b)(6) deposition in the course of this litigation but squandered it. Plaintiffs instead issued a litany of overbroad topics at the last minute and failed to extend professional courtesy to opposing counsel. For these reasons, the Court prohibits the Rule 30(b)(6) deposition of Metro noticed by Plaintiffs.

The Court, however, urges the Parties to meaningfully meet and confer before the discovery deadline runs on January 12, 2026, to determine whether Defendant can provide any documents or information that could satisfy some of the specific discovery Plaintiffs were attempting to secure. The Court also urges the Parties to engage in settlement negotiations.

IV.    Conclusion

Based on Plaintiffs' delay and the overbreadth of their requests, the Court grants Metro's request for a protective order to prohibit a Rule 30(b)(6) deposition on Metro on the topics Plaintiffs identified.

**IT IS SO ORDERED.**

Regina S. Edwards, Magistrate Judge
United States District Court

Copies:    Counsel of Record

January 9, 2026

0|40